graphs 1 through 108 of this Complaint.

124. This is a claim for treble damages and penalties under the Delaware False Claims and Reporting Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil.

125. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Delaware State Government for payment or approval.

126. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Delaware State Government to approve and pay such false and fraudulent claims.

127. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

128. The Delaware State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

129. By reason of the defendants' acts, the State of Delaware has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count V
Florida False Claims Act
Fla. Stat. Ann. §68.082(2)(a), (b) and (c)**

130. Relator realleges and incorporates by reference the allegations contained in para-

graphs 1 through 108 of this Complaint.

131. This is a claim for treble damages and penalties under the Florida False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil

132. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Florida State Government for payment or approval.

133. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Florida State Government to approve and pay such false and fraudulent claims.

134. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

135. The Florida State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

136. By reason of the defendants' acts, the State of Florida has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count VI**
**Georgia False Medicaid Claims Act**
**Ga. Code Ann. §49-4-168.1(1), (2) and (3)**

137. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

138. This is a claim for treble damages and penalties under the Georgia False Medicaid Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil.

139. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Georgia State Government for payment or approval.

140. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Georgia State Government to approve and pay such false and fraudulent claims.

141. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

142. The Georgia State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

143. By reason of the defendants' acts, the State of Georgia has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count VII
Hawaii False Claims Act
Haw. Rev. Stat. §661-21(a)(1), (2) and (3)**

144. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

43

145. This is a claim for treble damages and penalties under the Hawaii False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil.

146. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Hawaii State Government for payment or approval.

147. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Hawaii State Government to approve and pay such false and fraudulent claims.

148. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

149. The Hawaii State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

150. By reason of the defendants' acts, the State of Hawaii has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count VIII**
**Illinois Whistleblower Reward And Protection Act**
**740 Ill. Comp. Stat. §175/3(a)(1), (2) and (3)**

151. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

152. This is a claim for treble damages and penalties under the Illinois Whistleblower

Reward And Protection Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil.

153. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Illinois State Government for payment or approval.

154. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Illinois State Government to approve and pay such false and fraudulent claims.

155. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

156. The Illinois State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

157. By reason of the defendants' acts, the State of Illinois has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count IX**
**Indiana False Claims and Whistleblower Protection Act**
**Ind. Code Ann. § 5-11-5.5-2(b)(1), (2) and (7)**

158. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

159. This is a claim for treble damages and penalties under the Indiana False Claims and Whistleblower Protection Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and

Provigil and to Takeda's marketing of Provigil.

160. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Indiana State Government for payment or approval.

161. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Indiana State Government to approve and pay such false and fraudulent claims.

162. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

163. The Indiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

164. By reason of the defendants' acts, the State of Indiana has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count X**
**Louisiana Medical Assistance Programs Integrity Act**
**La. Rev. Stat. §46:438.3(A), (B) and (C)**

165. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

166. This is a claim for damages and penalties under the Louisiana Medical Assistance Programs Integrity Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and

Provigil and to Takeda's marketing of Provigil.

167. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Louisiana State Government for payment or approval.

168. By virtue of the acts described above, defendants knowing made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Louisiana State Government to approve and pay such false and fraudulent claims.

169. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

170. The Louisiana State Government, unaware of the falsity of the records, statements, and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and illegal inducements.

171. By reason of defendants' acts, the State of Louisiana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

**<u>Count XI</u>**
**Massachusetts False Claims Law**
**Mass. Gen. Laws ch. 12 §5B(1), (2) and (3)**

172. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

173. This is a claim for treble damages and penalties under the Massachusetts False Claims Law, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to

Takeda's marketing of Provigil.

174. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Massachusetts State Government for payment or approval.

175. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Massachusetts State Government to approve and pay such false and fraudulent claims.

176. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

177. The Massachusetts State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

178. By reason of the defendants' acts, the State of Massachusetts has been damaged, and continues to be damaged, in an amount to be determined at trial.

**<u>Count XII</u>**
**Michigan Medicaid False Claims Act**
**Mich. Comp. Laws. §400.603(1), (2) and §400.606(1)**

179. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint..

180. This is a claim for treble damages and penalties under the Michigan Medicaid False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to

Takeda's marketing of Provigil.

181. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Michigan State Government for payment or approval.

182. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Michigan State Government to approve and pay such false and fraudulent claims.

183. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

184. The Michigan State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

185. By reason of the defendants' acts, the State of Michigan has been damaged, and continues to be damaged, in an amount to be determined at trial.

**<u>Count XIII</u>**
**Montana False Claims Act**
**Mont. Code Anno. §17-8-403(1)(a), (b) and (c)**

186. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

187. This is a claim for treble damages and penalties under the Montana False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's

marketing of Provigil.

188. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Montana State Government for payment or approval.

189. By virtue of the acts described above, defendants knowing made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Montana State Government to approve and pay such false and fraudulent claims.

190. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

191. The Montana State Government, unaware of the falsity of the records, statements, and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and illegal inducements.

192. By reason of defendants' acts, the State of Montana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

**Count XIV**
**Nevada False Claims Act**
**Nev. Rev. Stat. Ann. §357.040(1)(a), (b) and (c)**

193. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

194. This is a claim for treble damages and penalties under the Nevada False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's