marketing of Provigil.

195. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Nevada State Government for payment or approval.

196. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Nevada State Government to approve and pay such false and fraudulent claims.

197. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

198. The Nevada State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

199. By reason of the defendants' acts, the State of Nevada has been damaged, and continues to be damaged, in an amount to be determined at trial.

### Count XV
### New Hampshire False Claims Act
### N.H. Rev. Stat. Ann. §167:61-b(I)(a), (b) and (c)

200. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

201. This is a claim for treble damages and penalties under the New Hampshire False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to

Takeda's marketing of Provigil.

202. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the New Hampshire State Government for payment or approval.

203. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Hampshire State Government to approve and pay such false and fraudulent claims.

204. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

205. The New Hampshire State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

206. By reason of the defendants' acts, the State of New Hampshire has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count XVI**
**New Jersey False Claims Act**
**N.J. Stat. §2A:32C-3(a), (b) and (c)**

207. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

208. This is a claim for treble damages and penalties under the New Jersey False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's

marketing of Provigil.

209. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the New Jersey State Government for payment or approval.

210. By virtue of the acts described above, defendants knowing made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Jersey State Government to approve and pay such false and fraudulent claims.

211. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

212. The New Jersey State Government, unaware of the falsity of the records, statements, and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and illegal inducements.

213. By reason of defendants' acts, the State of New Jersey has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

**Count XVII**
**New Mexico Medicaid False Claims Act**
**N.M. Stat. Ann. § 27-14-4(A), (C), and (D)**

214. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

215. This is a claim for treble damages and penalties under the New Mexico Medicaid False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and

to Takeda's marketing of Provigil.

216. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the New Mexico State Government for payment or approval.

217. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Mexico State Government to approve and pay such false and fraudulent claims.

218. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

219. The New Mexico Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

220. By reason of the defendants' acts, the State of New Mexico has been damaged, and continues to be damaged, in an amount to be determined at trial.

**<u>Count XVIII</u>**
**New York False Claims Act**
**N.Y. State Fin. §189(1)(a), (b) and (c)**

221. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

222. This is a claim for treble damages and penalties under the New York False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's

marketing of Provigil.

223. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the New York State Governments for payment or approval.

224. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New York State Government to approve and pay such false and fraudulent claims.

225. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

226. The New York State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

227. By reason of the defendants' acts, the State of New York has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count XIX**
**North Carolina False Claims Act**
N.C. Gen. Stat. §1-607(a)(1), (2) and (3)

228. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

229. This is a claim for treble damages and penalties under the North Carolina False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to

Takeda's marketing of Provigil.

230. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the North Carolina State Government for payment or approval.

231. By virtue of the acts described above, defendants knowing made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the North Carolina State Government to approve and pay such false and fraudulent claims.

232. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

233. The North Carolina State Government, unaware of the falsity of the records, statements, and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and illegal inducements.

234. By reason of defendants' acts, the State of North Carolina has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

<u>**Count XX**</u>
**Oklahoma Medicaid False Claims Act**
**Okla. Stat. tit. 63 §5053.1(B)(1), (2) and (3)**

235. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

236. This is a claim for treble damages and penalties under the Oklahoma Medicaid False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and

56

to Takeda's marketing of Provigil.

237. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Oklahoma State Government for payment or approval.

238. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Oklahoma State Government to approve and pay such false and fraudulent claims.

239. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

240. The Oklahoma State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

241. By reason of the defendants' acts, the State of Oklahoma has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count XXI**
**Rhode Island False Claims Act**
**R.I. Gen. Laws §9-1.1-3(a)(1), (2) and (3)**

242. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

243. This is a claim for treble damages and penalties under the Rhode Island False Claims Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to

Takeda's marketing of Provigil.

244. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Rhode Island State Government for payment or approval.

245. By virtue of the acts described above, defendants knowing made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Rhode Island State Government to approve and pay such false and fraudulent claims.

246. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

247. The Rhode Island State Government, unaware of the falsity of the records, statements, and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and illegal inducements.

248. By reason of defendants' acts, the State of Rhode Island has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

### Count XXII
### Tennessee False Claims Act and Tennessee Medicaid False Claims Act
### Tenn. Code Ann. §§4-18-103(a)(1), (2) and (3); and 71-5-182(a)(1)(A), (B) and (C)

249. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

250. This is a claim for treble damages and penalties under the Tennessee False Claims Act and Tennessee Medicaid False Claims Act, relating to Cephalon's marketing of Fentora,

58

Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil.

251. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Tennessee State Government for payment or approval.

252. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Tennessee State Government to approve and pay such false and fraudulent claims.

253. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

254. The Tennessee State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

255. By reason of the defendants' acts, the State of Tennessee has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count XXIII**
**Texas Medicaid Fraud Prevention Law**
**Tex. Hum. Res. Code Ann. §36.002**

256. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

257. This is a claim for treble damages and penalties under the Texas Medicaid Fraud Prevention Law, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and

to Takeda's marketing of Provigil.

258. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Texas State Government for payment or approval.

259. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Texas State Government to approve and pay such false and fraudulent claims.

260. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

261. The Texas State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

262. By reason of the defendants' acts, the State of Texas has been damaged, and continues to be damaged, in an amount to be determined at trial.

### Count XXIV
### Virginia Fraud Against Taxpayers Act
### Va. Code Ann. §8.01-216.3(A)(1), (2) and (3)

263. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

264. This is a claim for treble damages and penalties under the Virginia Fraud Against Taxpayers Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil.

60