265. As of the original filing of this action, it was reported to Relator's counsel that data available to Virginia did not yet show any claims made to its Medicaid program for reimbursement relating to Fentora prescriptions. However, because Fentora is a new drug that Cephalon is marketing off-label nationwide and because Virginia has purchased substantial quantities of its successor drug Actiq in the past, it is likely that such claims have since been or, in the future, will be processed and that a substantial portion of such claims will result from improper off-label marketing currently being conducted by Cephalon.

**Count XXV**
**Wisconsin False Claims For Medical Assistance Act**
**Wis. Stat. §20.931(2)(a), (b) and (c)**

266. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

267. This is a claim for treble damages and penalties under the Wisconsin False Claims For Medical Assistance Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil.

268. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the Wisconsin State Government for payment or approval.

269. By virtue of the acts described above, defendants knowing made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Wisconsin State Government to approve and pay such false and fraudulent claims.

270. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct

as alleged herein.

271. The Wisconsin State Government, unaware of the falsity of the records, statements, and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and illegal inducements.

272. By reason of defendants' acts, the State of Wisconsin has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

**Count XXVI**
**District of Columbia Procurement Reform Amendment Act**
**D.C. Code Ann. §2-308.14(a)(1), (2) and (3)**

273. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

274. This is a claim for treble damages and penalties under the District of Columbia Procurement Reform Amendment Act, relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil.

275. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims to the District of Columbia Government for payment or approval.

276. By virtue of the acts described above, defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the District of Columbia Government to approve and pay such false and fraudulent claims.

277. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct

as alleged herein.

278. The District of Columbia Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by defendants, paid and continues to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and inducements.

279. By reason of the defendants' acts, the District of Columbia has been damaged, and continues to be damaged, in an amount to be determined at trial.

**Count XXVII**
**State False Claims Acts Yet to be Enacted or**
**Become Effective at the Time of Filing**

280. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 108 of this Complaint.

281. This is a claim for the maximum amount of damages and penalties available under State False Claims Acts that are enacted subsequent to the filing of this Complaint, and which permit qui tam lawsuits. The States which may enact such Acts are: Alabama, Alaska, Arizona, Arkansas, Colorado, Idaho, Iowa, Kansas, Kentucky, Maine, Maryland, Minnesota, Mississippi, Missouri, Nebraska, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, South Dakota, Utah, Vermont, Washington, West Virginia, and Wyoming.

282. By virtue of the acts described above, defendants knowingly presented or caused to be presented, false or fraudulent claims relating to Cephalon's marketing of Fentora, Nuvigil, Amrix, and Provigil and to Takeda's marketing of Provigil to the State Governments of each of the above-listed States for payment or approval.

283. By virtue of the acts described above, defendants knowingly made, used, or caused

to be made or used false records and statements, and omitted material facts, to induce the State Governments of each of the above-listed States to approve and pay such false and fraudulent claims.

284. Because of the conspiracy that defendants entered in to with respect to the marketing of Provigil, Cephalon is jointly and severally liable with Takeda for Takeda's conduct as alleged herein.

285. The State Governments of each of the above-listed States, unaware of the falsity of the records, statements, and claims made, used, presented or cause to be made, used or presented by defendants, paid and continue to pay the claims that would not be paid but for Cephalon's and Takeda's illegal off-label marketing practices and illegal inducements.

286. By virtue of defendants' acts, each of the above-listed States has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

## Prayer

WHEREFORE, qui tam plaintiff/relator prays for judgment against the defendants as follows:

1. that defendants cease and desist from violating 31 U.S.C. §3729 et seq., and the equivalent provisions of the statutes of the States and the District of Columbia set forth above;

2. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the United States has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of not less than $5,000 and not more than $11,000 for each violation of 31 U.S.C. §3729;

3. that this Court enter judgment against defendants in an amount equal to three

times the amount of damages the State of California has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Cal. Govt Code §12651(a)(1), (2) and (3);

4. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Connecticut has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Conn. Pub. Law 09-05 §2(a)(1), (2) and (3);

5. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Delaware has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $11,000 for each violation of 6 Del. C. §1201(a)(1), (2) and (3);

6. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Florida has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $11,000 for each violation of Fla. Stat. Ann. §68.082(2)(a), (b) and (c);

7. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Georgia has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $11,000 for each violation of Ga. Code Ann. §49-4-168.1(1), (2) and (3);

8. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Hawaii has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each

   violation of Haw. Rev. Stat. §661-21(a)(1), (2) and (3);

9.  that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Illinois has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of 740 Ill. Comp. Stat. §175/3(a)(1), (2) and (3);

10.  that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Indiana has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $5,000 for each violation of Ind. Code Ann. §5-11-5.5-2(b)(1), (2) and (7);

11.  that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Louisiana has sustained because of that defendant's or its co-conspirator's actions, plus interest, plus a civil penalty of $10,000 for each violation of La. Rev. Stat. §46:438.3(A), (B) and (C);

12.  that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Massachusetts has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Mass. Gen. L. ch. 12 §5B(1), (2) and (3);

13.  that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Michigan has sustained because of that defendant's or its co-conspirator's actions, plus civil penalties for each violation of Mich. Comp. Laws. §400.603(1), (2) and §400.606(1);

14.  that this Court enter judgment against defendants in an amount equal to three

times the amount of damages the State of Montana has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Mont. Code Anno. §17-8-403(1)(a), (b) and (c);

15. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Nevada has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Nev. Rev. Stat. Ann. §357.040(1)(a), (b) and (c);

16. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of New Hampshire has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of N.H. Rev. Stat. Ann. §167:61-b(I)(a), (b) and (c);

17. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of New Jersey has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of N.J. Stat. §2A:32C-3(a), (b) and (c);

18. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of New Mexico has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of N.M. Stat. Ann. §27-14-4(A), (C), and (D);

19. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of New York has sustained because of that defendant's or its co-conspirator's actions, plus civil penalties of $12,000 for each

violation of N.Y. State Fin. §189(1)(a), (b) and (c);

20. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of North Carolina has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $11,000 for each violation of N.C. Gen. Stat. §1-607(a)(1), (2) and (3);

21. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Oklahoma has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Okla. Stat. Tit. 63 §5053.1(B)(1), (2) and (3);

22. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Rhode Island has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of R.I. Gen. Laws §9-1.1-3(a)(1), (2) and (3);

23. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Tennessee has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Tenn. Code Ann. §§4-18-103(a)(1), (2) and (3); and 71-5-182(a)(1)(A), (B) and (C);

24. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Texas has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Tex. Hum. Res. Code Ann. §36.002;

25. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Virginia sustains because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Va. Code Ann. §8.01-216.3(A)(1), (2) and (3);

26. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the State of Wisconsin has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of Wis. Stat. §20.931(2)(a), (b) and (c);

27. that this Court enter judgment against defendants in an amount equal to three times the amount of damages the District of Columbia has sustained because of that defendant's or its co-conspirator's actions, plus a civil penalty of $10,000 for each violation of D.C. Code Ann. §2-308.14(a)(1), (2) and (3);

28. that this Court enter judgment against defendants in an amount equal to the maximum amount of damages and civil penalties available under any State False Claims Acts enacted subsequent to the filing of this Complaint, for each violation of the liability sections of those subsequently-enacted Acts;

29. that qui tam plaintiff be awarded the maximum amount allowed pursuant to §3730(d) of the False Claims Act, and the equivalent provisions of the States and the District of Columbia statutes set forth above;

30. that qui tam plaintiff be awarded all costs of this action, including attorneys' fees and expenses; and

31. that all plaintiffs recover such other relief as the Court deems just and proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, qui tam plaintiff hereby demands a trial by jury.

Dated: January 14, 2010

WEINSTEIN, KITCHENOFF
& ASHER, LLC

By: /s/ Robert S. Kitchenoff
Robert S. Kitchenoff (PA Bar No. 45993 )
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Tel: (215) 545-7200
Fax: (215) 545-6535

and

Peter W. Chatfield
PHILLIPS & COHEN LLP
2000 Massachusetts Ave, N.W.
Washington, D.C.  20036
Tel:  (202) 833-4567
Fax: (202) 833-1815
Attorneys for Qui Tam Plaintiff