# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRUCE BOISE, KEITH DUFOUR and ANDREW AUGUSTINE and on behalf of the STATES of CALIFORNIA, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, the Commonwealth of MASSACHUSETTS, MICHIGAN, MONTANA, NEVADA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, the Commonwealth of VIRGINIA, WISCONSIN and the DISTRICT OF COLUMBIA,<br><br>                 Plaintiffs,<br><br>     v.<br><br>CEPHALON, INC., a Wholly-Owned, Direct Subsidiary of TEVA LIMITED, and JOHN DOES # 1-100, FICTITIOUS NAMES,<br><br>                 Defendants. | Hon. Thomas N. O'Neill, Jr.<br><br>Civil Action No. 08-287 |

## PLAINTIFF-RELATORS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RELATORS' FENTORA CLAIMS BASED ON THE PUBLIC DISCLOSURE BAR

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................2

I.      Relator Boise's Fentora Claims Are Not Precluded By the Public Disclosure Bar ...........................................................................................................2

        A.      Relator Boise's Original Fentora Claims Are Not Based Upon Cestra's Complaint.......................................................................................2

        B.      Relator Boise's Fentora Allegations Are Not Precluded By the Public Disclosure Bar Because He Is an "Original Source" of His Allegations ..................................................................................................3

        C.      Relator Boise Is an Original Source Based on His Investigation. ..............6

II.      The Public Disclosure Bar Is Not Jurisdictional....................................................7

        A.      The 2010 Amendments Removed Jurisdictional Language from the FCA's Public Disclosure Bar.......................................................................8

        B.      The Public Disclosure Bar Is A Procedural Rule and Thus the Version in Effect at the Time of Filing Controls ......................................10

        C.      Cephalon's Public Disclosure Argument Is an Affirmative Defense and Thus Not Appropriate for Resolution at This Time ...........................11

CONCLUSION.....................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Animal Sci. Prods., Inc. v. China Minmetals Corp.*,
654 F.3d 462 (3d Cir. 2011)....................................................................................9

*Arbaugh v. Y & H Corporation*,
546 U.S. 500 (2006)................................................................................................9

*Cooper v. Blue Cross & Blue Shield of Fla., Inc.*,
19 F.3d 562 (11th Cir. 1994) ..................................................................................6

*FDIC v. Deglau*,
207 F.3d 153 (3d Cir. 2000)..................................................................................11

*Graham Cnty. Soil and Water Conservation Dist. v. U.S. ex rel. Wilson*,
559 U.S. 280 (2010)..............................................................................................10

*Gould Elec. Inc. v. United States*,
220 F.3d 169 (3d Cir. 2000)..................................................................................12

*Henderson ex rel. Henderson v. Shinseki*,
131 S. Ct. 1197 (2011) ............................................................................................9

*Kennard v. Comstock Res., Inc.*,
363 F.3d 1039 (10th Cir. 2004) ..............................................................................4

*Landgraf v. USI Film Prods.*,
511 U.S. 244 (1994)..............................................................................................11

*Leveski v. ITT Educ. Servs., Inc.*,
719 F.3d 818 (7th Cir. 2013) ..................................................................................6

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
549 F.2d 884 (3d Cir. 1977)..................................................................................12

*Rockwell Intern. Corp. v. U.S.*,
549 U.S. 457 (2007)................................................................................................8

*Sebelius v. Auburn Reg'l Med. Ctr.*,
133 S. Ct. 817 (2013)..............................................................................................9

*U.S. ex rel. Alexander v. Dyncorp, Inc.*,
924 F. Supp. 292 (D.D.C. 1996) ............................................................................5

*U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*,
    473 F.3d 506 (3d Cir. 2007)............................................................................4, 5

*U.S. ex rel. Barth v. Ridgedale Elec.*,
    44 F.3d 699 (8th Cir. 1995) ...........................................................................4, 5

*U.S. ex rel. Booker v. Pfizer*,
    No. 10-cv-11166, 2014 WL 1271766 (D. Mass. Mar. 26, 2014) ...........................9

*U.S. ex rel. Chen v. EMSL Analytical, Inc.*,
    No. 10-cv-7504, 2013 WL 4441509 (S.D.N.Y. Aug. 16, 2013)...........................10

*U.S. ex rel. Fox Rx, Inc. v. Omnicare, Inc.*,
    No. 1:11-cv-962, 2013 WL 2303768 (N.D. Ga. May 17, 2013) ...........................10

*U.S. ex rel. Harman v. Trinity Indus., Inc.*,
    No. 2:12-cv-00089, 2014 WL 47258 (E.D. Tex. Jan 6, 2014) ...........................6, 11

*U.S. ex rel. Jamison v. McKesson Corp.*,
    649 F.3d 322 (5th Cir. 2011) ...........................................................................11

*U.S. ex rel. Lamers v. City of Green Bay*,
    168 F.3d 1013 (7th Cir. 1999) ...........................................................................6

*U.S. ex rel. Lockey v. City of Dallas*,
    No. 3:11-cv-354, 2013 WL 268371 (N.D. Tex. Jan. 23, 2013)...........................11

*U.S. ex rel. May v. Purdue Pharma L.P.*,
    737 F.3d 908 (4th Cir. 2013) ...........................................................................9

*U.S. ex rel. Merena v. SmithKline Beecham Corp.*,
    205 F.3d 97 (3d Cir. 2000)...........................................................................3

*U.S. ex rel. Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys.*,
    276 F.3d 1032 (8th Cir. 2002) ...........................................................................4

*U.S. ex rel. Mistick PBT v. Hous. Auth. of the City of Pittsburgh*,
    186 F.3d 376 (3d Cir. 1999)...........................................................................4

*U.S. ex rel. Paulos v. Stryker Corp.*,
    No. 11-cv-0041, 2013 WL 2666346 (W.D. Mo. June 12, 2013)...........................10

*U.S. ex rel. S. Prawer & Co. v. Fleet Bank*,
    24 F.3d 320 (1st Cir. 1994)...........................................................................2

*U.S. ex rel. Siegel v. Roche Diagnostics, Corp.*,
    No. 11-cv-5378, 2013 WL 6847689 (E.D.N.Y. Dec. 30, 2013)...........................9

*U.S. ex rel. Springfield Terminal Ry. Co. v. Quinn*,
    14 F.3d 645 (D.C. Cir. 1994) .....................................................................4

*U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*,
    944 F.2d 1149 (3d Cir. 1991) ....................................................................4

*U.S. ex rel. Yannacopolous v. Gen. Dynamics*,
    315 F. Supp. 2d 939 (N.D. Ill. 2004) ........................................................6

*U.S. ex rel. Zizic v. Q2 Adm'rs, LLC*,
    728 F.3d 228 (3d Cir. 2013) .......................................................................2

*U.S. v. Bank of Farmington*,
    166 F.3d 853 (7th Cir. 1999) .....................................................................2

*U.S. v. Chattanooga-Hamilton Cnty. Hosp. Auth.*,
    1:10-CV-322, 2013 WL 3912571 (E.D. Tenn. July 29, 2013) ................10

STATUTES

31 U.S.C. § 3730(e)(4) .............................................................................1, 2, 4, 8

Pub. L. 111-148, Title X, § 10104(j)(2), 124 Stat. 1119, 901-02 (2010) .......8

OTHER AUTHORITIES

United States as Amicus Curiae, *Comstock Res., Inc. v. Kennard*,
    No. 04-165 (U.S. May 2005) (Exhibit A) ................................................5

Fed. R. Civ. P. 12(b) et seq. ................................................................... passim

## INTRODUCTION

On March 27, 2014, this Court ordered that the time for Cephalon to answer or respond to Relators Boise, Dufour and Augustine's (collectively "Relator Boise") Second Amended Complaint ("SAC") be held in abeyance pending resolution of Relators' Motion to Consolidate. *See* Dkt. No. 74.  Nevertheless, hours after Relator Boise filed his Motion to Consolidate, *see* Dkt. No. 75, Cephalon filed two motions to dismiss the SAC, including the instant motion to dismiss Relator Boise's Fentora claims pursuant to the False Claims Act's "public disclosure bar," 31 U.S.C. § 3730(e)(4), *see* Dkt. Nos. 77, 78.

In a series of subsequent letter briefings, Cephalon urged this Court to halt its consideration of Relator Boise's Motion to Consolidate, ostensibly because the public disclosure bar divests the Court of jurisdiction.  But the public disclosure bar is not jurisdictional, and it does not apply here.

The statute, its legislative history, and cases interpreting the 2010 amendments to the public disclosure bar make clear that it is procedural, not jurisdictional.  Cephalon's argument is, therefore, better understood as an affirmative defense, which is not appropriate for consideration under the framework of a Rule 12(b)(1) motion.  Rather, Cephalon's motion should be evaluated pursuant to Rule 12(b)(6), which shifts the burden of persuasion from Relator Boise to Cephalon and requires the Court to accept as true all the allegations in Relator Boise's SAC, viewing them in the light most favorable to him.

Regardless, Relator Boise's Fentora claims are not precluded by the public disclosure bar because (i) he asserted his Fentora claims more than five years before any other publicly disclosed allegations or transactions identified by Cephalon; and (ii) even if some of the details of his Fentora allegations were previously publicly disclosed, he is an "original source" of those allegations, and thus they are not barred.

Relator Boise respectfully submits that this Court should deny Cephalon's non-jurisdictional challenge as a matter of law or, in the alternative, defer its resolution until after ruling on the pending Motion to Consolidate.

## ARGUMENT

### I. Relator Boise's Fentora Claims Are Not Precluded By the Public Disclosure Bar

The purpose of the "public disclosure bar" is "to strike a balance between encouraging private persons to root out fraud and stifling parasitic lawsuits." *U.S. ex rel. Zizic v. Q2 Adm'rs, LLC*, 728 F.3d 228, 235 (3d Cir. 2013).  It is not to be liberally applied; thus, "courts should proceed with caution before applying [it] in ambiguous circumstances." *U.S. ex rel. S. Prawer & Co. v. Fleet Bank*, 24 F.3d 320, 328 (1st Cir. 1994); *see also U.S. v. Bank of Farmington*, 166 F.3d 853, 858 (7th Cir. 1999) (public disclosure bar is "to be understood in the context of the 1986 amendments, which . . . broaden the qui tam provisions, increasing incentives for the exposure of fraud").

Cephalon maintains that Relator Boise's Fentora claims are precluded by a single public disclosure:  the Fentora allegations contained in Cestra's complaint.  However, Relator Boise first asserted his Fentora claims more than five years *before* the allegations in the Cestra complaint were unsealed.  Thus, Relator Boise's Fentora allegations can hardly be considered the type of "parasitic" claims that Congress and the courts intended the public disclosure bar to preclude.

#### A. Relator Boise's Original Fentora Claims Are Not Based Upon Cestra's Complaint

In the event this Court determines the current version of § 3730(e)(4) remains jurisdictional, it should assess the Fentora allegations in Relator Boise's SAC with those in Cestra's complaint on "a claim-by-claim basis, asking whether the public disclosure bar applies

2

to each reasonably discrete claim of fraud." *U.S. ex rel. Merena v. SmithKline Beecham Corp.*, 205 F.3d 97, 102 (3d Cir. 2000) ("[I]n applying section (e)(4), it seems clear that each claim in a multi-claim complaint must be treated as if it stood alone."). Such a review reveals that Relator Boise's core allegations simply cannot have been based on anything in Cestra's later-filed complaint.

Specifically, as Cephalon must concede, Relator Boise filed his Original Complaint on February 1, 2008, "alleging the off label promotion of Fentora, a successor drug to Actiq." Mtn. to Dismiss at 1. Meanwhile, the Fentora allegations in the Cestra complaint were not unsealed until March 15, 2013. *See* Cestra Action, Dkt. No. 1 at 18. While Cephalon points the Court to some specific *details* of the fraud that Relator Boise adopted from Cestra's complaint, it cannot argue that Relator Boise based his original Fentora allegations on anything alleged by Cestra. Thus, Relator Boise's original Fentora allegations could not have been "based upon" anything in the Cestra complaint that became publicly available five years after Boise first asserted his Fentora claims.

Further, no case cited by Cephalon applied the public disclosure bar to an amended complaint that merely added *details* to a core allegation of fraud that the relator first pled before any alleged public disclosure. Instead, the cases cited by Cephalon applied the public disclosure bar to dismiss *distinct claims* that relators gleaned from publicly available sources and then newly asserted in an amended complaint. Thus, these cases are not instructive in the context of the case at bar.

### B. Relator Boise's Fentora Allegations Are Not Precluded by the Public Disclosure Bar Because He Is an "Original Source" of His Allegations

The public disclosure bar is "intended to avoid parasitic lawsuits by 'disinterested outsiders' who 'simply stumble across an interesting court file.'" *U.S. ex rel. Barth v. Ridgedale*

*Elec.*, 44 F.3d 699, 703 (8th Cir. 1995); *see also U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co*., 944 F.2d 1149, 1155-56 (3d Cir. 1991).  It is not meant to prohibit persons with inside knowledge of fraud against the Government from bringing FCA cases.  Thus, one who is an "original source" may bring a qui tam suit under the FCA even if his allegations are "substantially the same" as prior public disclosures.  *See* 31 U.S.C. § 3730(e)(4)(B) (2010).

To be an original source, a relator's knowledge must be both direct and independent. *U.S. ex rel. Atkinson v. PA. Shipbuilding Co*., 473 F.3d 506, 520 (3d Cir. 2007).  "Independent knowledge" is knowledge that does not depend on public disclosures, while "direct knowledge" is knowledge obtained without any "intervening agency, instrumentality or influence: immediate."  *Stinson*, 944 F.2d at 1160.  However, it is "not necessary for a relator to have all the relevant information" regarding the fraud.  *U.S. ex rel. Mistick PBT v. Hous. Auth. of the City of Pittsburgh*, 186 F.3d 376, 388 (3d Cir. 1999); *see also U.S. ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 657 (D.C. Cir. 1994) (holding that an original source is required to have "direct and independent knowledge of *any essential element of the underlying fraud transaction*") (emphasis added).

Thus, knowledge of the actual fraudulent conduct is not necessary.  *See Kennard v. Comstock Res., Inc.*, 363 F.3d 1039, 1044 (10th Cir. 2004) ("That a relator did not have knowledge of the actual alleged fraudulent submissions to the Government *cannot* disqualify the relator as an original source.") (emphasis added), cited with approval in *Atkinson*, 473 F.3d at 522; *U.S. ex rel. Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys.*, 276 F.3d 1032, 1050 (8th Cir. 2002) ("[T]o qualify as an original source, a relator does not have to have personal knowledge of all elements of a cause of action."); *U.S. ex rel. Alexander v. Dyncorp, Inc.*, 924 F.

4

Supp. 292, 300 (D.D.C. 1996) ("Because the Court is concerned with 'direct and independent' information," it is sufficient for plaintiff to have "direct and independent knowledge of any essential element of the underlying fraud transaction"); *see also* Brief for United States as Amicus Curiae at 12 n.4, *Comstock Res., Inc. v. Kennard*, No. 04-165 (U.S. May 2005) (attached hereto as Exhibit A) (original source savings clause "does not require that the relator have direct and independent knowledge of the fraud itself.").

Rather, the FCA "seeks to encourage persons with 'first hand knowledge of fraudulent misconduct,' or those '*who are either close observers* or otherwise involved in the fraudulent activity' to come forward." *Atkinson*, 473 F.3d at 520 (emphasis added) (citing *Barth*, 44 F.3d at 703 (quoting S. Rep. No. 345 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5269)).

Here, Relator Boise plainly alleged his own direct and independent knowledge about an essential element of the underlying fraudulent transactions and voluntarily provided the information to the government before filing the action.[1]  *See* SAC ¶¶ 20-21; *see also* discussion *infra*.

---

[1] Relator Boise would also qualify as an original source under the post-2010 FCA.  The 2010 PPACA amendments modified what a relator needs to qualify for the original source exception.  Rather than requiring the original source to have both "direct" and "independent" knowledge of the alleged fraud, the original source exception now has two prongs. *See* U.S.C. § 3730(e)(4)(C) (2010).  The first prong is satisfied by a relator who voluntarily discloses information underlying his allegations to the Government prior to the public disclosure.  *See* 31 U.S.C. § 3730(e)(4)(C).  The second prong is satisfied by a relator whose knowledge is both "independent" of and "materially adds" to the publicly disclosed information, and who voluntarily discloses that information to the Government prior to filing suit.  *Id.*  The SAC confirms Relator Boise is an original source under the 2010 amendments.  First, he voluntarily disclosed the information underlying his allegations to the Government prior to any public disclosure.  *See* SAC ¶ 20-21.  Second, the Boise SAC amply demonstrates that his knowledge was "independent" of any prior public disclosure, and it materially added to any such disclosures.  As a former Cephalon employee, Boise had independently acquired firsthand knowledge of the company's improper deeds.  This information added materially to prior disclosures because it described conduct that was actually false and fraudulent. *See id.* ¶¶ 7–9, 264–65, 312–16 (detailing Cephalon's scheme to convert Actiq prescribers to Fentora).  The SAC materially added to information in the public domain because it was the first document to describe how Cephalon had defrauded the United States and the *qui tam* states.  The allegations of the

**C.  Relator Boise Is an Original Source Based on His Investigation.**

Cephalon argues that Relator Boise cannot be an original source because he either did not work at Cephalon during the time the Company promoted Fentora or because he did not personally promote the drug.  *See* Mot. to Dismiss at 11.

In fact, there is an ample body of well-reasoned authority that confirms the original source exception does apply to a relator whose information is based on his own investigation, even if that investigation included public sources.  For example, the Seventh Circuit has observed that such a relator "may be viewed by some as a bit of a busybody with his own agenda, but he is certainly not a parasite. And to a certain degree, Congress wanted to encourage busybodies who, through independent efforts, assist the government in ferreting out fraud." *U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999); *see also Leveski v. ITT Educ. Servs., Inc.*, 719 F.3d 818, 838 (7th Cir. 2013) (citing *Lamers*, 168 F.3d at 1017); *U.S. ex rel. Yannacopolous v. Gen. Dynamics*, 315 F. Supp. 2d 939, 953-54 (N.D. Ill. 2004).

In a similar vein, the Eleventh Circuit wrote of a relator who had been the defendant's customer, and not a corporate insider:

> The record shows [the relator] acquired his knowledge of BCBSF's alleged wrongdoing through three years of his own claims processing, research, and correspondence with members of Congress and HCFA. Three weeks before the hearing in which an OIG inspector announced it was investigating BCBSF at HCFA's request, [the relator] had asked HCFA to act against BCBSF. Thus, his knowledge was direct.

*Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994).

A recent decision from Texas is instructive.  In *U.S. ex rel. Harman v. Trinity Industries, Inc.*, No. 2:12-CV-00089, 2014 WL 47258 (E.D. Tex. Jan. 6, 2014), the relator had obtained his

---

Boise SAC plainly derive from Relator Boise's own observations, experiences and investigation, they added materially to prior disclosures, and thus he is an original source under the statute.

information from a variety of sources, including some that were available to the public.  He combined that information with his own professional expertise to reach conclusions about the alleged fraud.  *Id*. at *4.  The court held the relator was an original source under the FCA. *Id*. at *4-5. The court described the original source exception as requiring a

> 'sweat of the brow' analysis, designed to distinguish between 'individuals who, with no details regarding its whereabouts, simply stumble upon a seemingly lucrative nugget and those actually involved in the process of unearthing important information about a false or fraudulent claim.'. . . It would be extreme to find that a relator's knowledge was not 'independent' because some fraction of the facts – a patent, a contract, a press release – are contained in public documents. These pieces of information are to a cause of action what bricks are to a wall, and a claim is not made parasitic by the public availability of a single brick.

*Id*. at *5 (citations omitted).

Relator Boise's investigation did not uncover or rely on any information that was publicly disclosed, but rather was learned from company "insiders."  Through his own efforts in gathering information about Cephalon's activities, *see* Dkt. No. 1 at 2 (basing allegations in original complaint "upon personal knowledge, discussions with other former Cephalon employees, and relevant documents"); Dkt. No. 14 at 2 (basing allegations in amended complaint "upon personal knowledge, discussions with other former Cephalon employees, and relevant documents"); SAC ¶ 20-21, Relator Boise applied his own professional skill and expertise to discern Cephalon's fraud on the United States.  Thus, the cases instruct that Relator Boise is an original source of his allegations.

## II.  The Public Disclosure Bar Is Not Jurisdictional

Cephalon filed this motion to dismiss Relator Boise's Fentora claims on jurisdictional grounds pursuant to Fed. R. Civ. P. 12(b)(1).  *See* Dkt. No. 77.  However, the 2010 amendments to the FCA explicitly removed the jurisdictional element from the public disclosure bar.  Because

Relator Boise filed his SAC on March 4, 2014, *see* Dkt. No. 69—well after the effective date of the amendment—the relief Cephalon seeks is not jurisdictional, and thus its motion is untimely.

### A. The 2010 Amendments Removed Jurisdictional Language from the FCA's Public Disclosure Bar

In 2010, the Patient Protection and Affordable Care Act ("PPACA") amended the FCA's public disclosure bar in several key respects, including by narrowing the bar and expanding the "original source" provision (which allows relators with "direct" and "independent" knowledge to pursue FCA claims regardless of any public disclosure). *See* 31 U.S.C. § 3730(e)(4) (2011); *see also* Pub. L. 111-148, Title X, § 10104(j)(2), 124 Stat. 1119, 901-02 (2010), as amended by the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029 (2010).

The 2010 PPACA amendments made substantive changes to the public disclosure provision by, for instance, narrowing the sources of disclosures that trigger the bar (*e.g.*, now only disclosures in *federal* reports, rather than *state* reports, qualify). The amendments also made a procedural change. The earlier version provided that "[n]o court shall have jurisdiction over an action" based on publicly-disclosed allegations or transactions. Therefore, a defendant invoking the public disclosure bar under the pre-amendment statute necessarily challenged a court's subject matter jurisdiction. *See Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457 (2007).

Following the PPACA, however, § 3730(e)(4) provides only that a "court shall dismiss an action or claim" when the provision applies. Thus, Congress *eliminated* the term "jurisdiction" from the statute, and along with it any reference to the public disclosure bar being a matter of the Court's subject matter jurisdiction.

Whether to classify a statutory limitation as jurisdictional has been at the forefront of recent Supreme Court jurisprudence. The Supreme Court has recently cautioned courts against

branding procedural rules as jurisdictional, and it has attempted "to bring some discipline to the use" of the term "jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) (urging a rule "should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction").  To ward off profligate use of the term "jurisdiction," the Court has adopted a "readily administrable bright line" for determining whether to classify a statutory limitation as jurisdictional. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 516 (2006).  Courts are instructed to inquire whether Congress "has clearly state[d]" that the rule is jurisdictional; absent such a clear statement, "courts should treat the restriction as nonjurisdictional in character."  *Id*. at 515-16; *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013); *Animal Sci. Prods., Inc. v. China Minmetals Corp*., 654 F.3d 462, 468 (3d Cir. 2011) (where federal statute did not "speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," it was not jurisdictional).

The Fourth Circuit and the majority of the district courts that have addressed the issue have followed the Supreme Court's directive and concluded that the current version of the public disclosure bar is not jurisdictional, but rather provides a basis for dismissal.  *See, e.g*., *U.S. ex rel. May v. Purdue Pharma L.P*., 737 F.3d 908, 916-17 (4th Cir. 2013) (holding that 2010 amendments to public-disclosure bar now render the provision nonjurisdictional); *U.S. ex rel. Booker v. Pfizer*, No. 10-cv-11166, 2014 WL 1271766, at *5 n.3 (D. Mass. Mar. 26, 2014) (applicability of public disclosure bar and eligibility for original source exception must be evaluated under law *as of the date claims were filed*); *U.S. ex rel. Siegel v. Roche Diagnostics, Corp*., No. 11-cv-5378, 2013 WL 6847689, at *4 (E.D.N.Y. Dec. 30, 2013) ("Absent a clear statutory statement to the contrary, the Court 'holds that the public disclosure provision is no longer jurisdictional in nature, but rather provides a basis for dismissal [on the merits].'")

9

(quoting *U.S. ex rel. Chen v. EMSL Analytical, Inc.*, No. 10-cv-7504, 2013 WL 4441509, at *9 (S.D.N.Y. Aug. 16, 2013)); *U.S. ex rel. Paulos v. Stryker Corp.*, No. 11-cv-0041, 2013 WL 2666346, at *3 (W.D. Mo. June 12, 2013) ("After the 2010 amendment, the bar does is [sic] not described as jurisdictional in nature."), *U.S. ex rel. Fox Rx, Inc. v. Omnicare, Inc.*, No. 1:11-cv-962, 2013 WL 2303768, at *8 n.15 (N.D. Ga. May 17, 2013) ("Effective March 23, 2010, the public disclosure bar was amended to narrow its applicability and to make it a basis for dismissal, not a jurisdictional threshold."); *U.S. v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 1:10-cv-322, 2013 WL 3912571, at *7 n.6 (E.D. Tenn. July 29, 2013) ("[T]he pre- PPACA language made the public disclosure bar jurisdictional in nature whereas the post-PPACA language still provides a basis for dismissal but that basis is no longer jurisdictional."); *cf. Graham Cnty. Soil and Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 283 n.1 (2010) (declining to apply the amended statute to a case that was *already pending* when the amendments took effect).

Here, the public disclosure bar does not include a clear statement that it is jurisdictional. In fact, Congress deliberately *removed* the jurisdictional language from the statute, thus confirming its intent that the public disclosure bar *not* be considered a bar to jurisdiction.

### B.  The Public Disclosure Bar Is A Procedural Rule and Thus the Version in Effect at the Time of Filing Controls

And because the *substantive* changes are not retroactive, *see Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 283 n.1 (2010), the newly amended *substantive* portions of the law apply only to Relator Boise's claims based on Cephalon's conduct occurring after the PPACA's effective date of July 22, 2010.  In contrast, the *procedural* change—identifying the public disclosure bar as requiring dismissal rather than as jurisdictional—is applicable here.  "Because rules of procedure regulate secondary rather than

10

primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule . . . retroactive," and it is therefore applicable to suits *filed after* the amendment's effective date.  *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 (1994) (emphasis added); *FDIC v. Deglau*, 207 F.3d 153, 164 (3d Cir. 2000) (citing *Landgraf* and affirming district court's application of a new procedural rule to govern the secondary— litigation-oriented—conduct of the parties).  This principle is particularly true with respect to the "[a]pplication of a new jurisdictional rule," as those "speak to the power of the court rather than to the rights or obligations of the parties." *Landgraf*, 511 U.S. at 274 (quotation omitted).

As such, because the PPACA changes to the public disclosure bar speak only to the power of the Court, the changes were procedural and are applicable here.  That is, the procedural change brought about by the 2010 amendments does not affect Cephalon's rights with respect to its primary conduct (*i.e.*, its fraudulent claims to the Government), and it therefore has retroactive effect.

### C.  Cephalon's Public Disclosure Argument Is an Affirmative Defense and Thus Not Appropriate for Resolution at This Time

Courts that have addressed how to frame the public disclosure provision—now that it is no longer jurisdictional—have determined it is best understood as an affirmative defense.  *U.S. ex rel. Harman v. Trinity Indus., Inc.*, No. 2:12-CV-00089, 2014 WL 47258, at *3 (E.D. Tex. Jan. 6, 2014) (holding 2010 amendment "recharacterizes the public disclosure bar as a ground for dismissal—effectively, an affirmative defense—rather than a jurisdictional bar").  The Fifth Circuit recognized the bar's resemblance to a defense, noting that it makes little sense to "require the relator to prove a negative: that there are no public disclosures." *U.S. ex rel. Jamison v. McKesson Corp.*, 649 F.3d 322, 326 (5th Cir. 2011); *see also U.S. ex rel. Lockey v. City of Dallas*, No. 3:11-cv-354, 2013 WL 268371 at *5 (N.D. Tex. Jan. 23, 2013) (understood as a

defense, it "is [Defendants'] burden to establish beyond peradventure all of the essential elements of the defense")."

Cephalon's motion is untimely because an affirmative defense is not properly raised through a Rule 12(b)(1) motion, which is reserved for jurisdictional challenges. And the Court has explicitly deferred consideration of nonjurisdictional arguments.

In the alternative, Cephalon's motion should be evaluated under Rule 12(b)(6), which is significant because it alters the manner in which the Court views Relator Boise's complaint and shifts the burden of persuasion to Cephalon. Under the more demanding standard of a Rule 12(b)(1) motion, the plaintiff must establish his right to invoke the court's jurisdiction and the district court may not presume the truthfulness of plaintiff's allegations, but rather must "evaluat[e] for itself the merits of [the] jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

In contrast, a Rule 12(b)(6) motion places the burden on the defendant to show that no claim has been presented, and the court evaluates the merits of the claims "by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Under the more lenient Rule 12(b)(6) framework, and for the reasons discussed *supra*, Cephalon has failed to establish that Relator Boise's Fentora claims are barred by the Cestra complaint and therefore, the Court should deny its motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Cephalon's Motion to Dismiss on Public Disclosure grounds in its entirety or, in the alternative, defer its resolution until after ruling on the pending Motion to Consolidate.

Respectfully Submitted,


/s/ W. Scott Simmer

W. Scott Simmer (*pro hac vice*)
Alan M. Freeman (*pro hac vice*)
Andrew M. Miller (*pro hac vice*)
BLANK ROME LLP
600 New Hampshire Ave., NW
Washington DC 20037
Telephone: 202-772-5800
Facsimile:  202-572-8412

-and-

Steven E. Fineman (*pro hac vice*)
Rachel Geman (*pro hac vice*)
Sudarsana Srinivasan (*pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
Facsimile: (212) 355-9592

*Counsel for Plaintiff-Relators*


Dated:  May 21, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2014, I filed the foregoing Memorandum in Opposition to Cephalon's Motion to Dismiss the Second Amended Complaint via this Court's CM/ECF system, which caused notice of filing to be sent to all counsel of record.  In addition, I certify that on May 22, 2014, I caused a true and correct copy of the foregoing to be sent via first-class mail, postage prepaid, to each non-ECF registered party listed below.

/s/ W. Scott Simmer

Non-ECF Service List

Siobhan Franklin
Bureau of Medical Fraud
Office of the Attorney General
California Department of Justice
110 West "A" Street
Suite 1100
San Diego, CA 92101

George C. Jepsen, Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106-1774

Dan Miller
Office of the Attorney General
Fraud & Consumer Protection Div.
820 N. French Street
Wilmington, DE 19801

Jane Drummey, Deputy Director
Medicaid Fraud Control Unit
Office of the Inspector General
717 14th Street NW, 11th Floor
Washington, DC 20005

Khoa Nguyen
Office of the Inspector General
Medicaid Fraud Control Unit
717 14th Street, NW
Suite 1100
Washington, DC 20005

Donna R. Rohwer
Assistant Attorney General
Medicaid Fraud Control Unit
3507 East Frontage Road
Suite 325
Tampa, FL 33607

Elizabeth White, Asst. Attorney General
State Health Care Fraud Control Unit
200 Piedmont Ave. SE
West Tower, 19th Floor
Atlanta, GA 30334

Michael L. Parrish, Director
Medicaid Fraud Control Unit of Hawaii
333 Queen Street
10th Floor
Honolulu, HI 96813

14

C. Godbey
Office of the Attorney General
100 W. Randolph Street, 11th Floor
Chicago, IL 60601

David Thomas, Inspector General
Indiana Office of Inspector General
315 W. Ohio Street, Room 104
Indianapolis, IN 46202

Martha Coakley, Attorney General
Attorney General's Office
One Ashburton Place
Boston, MA 02108

John Ellingson, Asst. Attorney General
Office of the Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401

John Jay Hoffman, Attorney General
Office of The Attorney General
PO Box 080
Trenton, NJ 08625-0080

Roy Cooper, Attorney General
Attorney General's Office
North Carolina Department of Justice
5505 Creedmoor Road, Suite 300
Raleigh, NC 27612

James Dube, Director
Medicaid Fraud and Patient Abuse Unit
150 S. Main Street
Providence, RI 02903

Greg Zoeller, Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 W. Washington Street, 5th Floor
Indianapolis, IN 46204

Nicholas Diez, Asst. Attorney General
Office of the Attorney General
1885 N. 3rd Street
Baton Rouge, LA 70802

Mark Matus
Health Care Fraud Division
Michigan Department of Attorney General
2860 Eyde Parkway
East Lansing, MI 48864

L. Timothy Terry
Chief Deputy Attorney General
100 North Carson Street
Carson City, NV 89701-4717

Amy Held
Medicaid Fraud Control Unit
Office of the New York State Attorney General
120 Broadway, 13th Floor
New York, NY 10271

E. Scott Pruitt, Attorney General
Oklahoma Office of Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Peter Coughlan
Office of the Attorney General
Antitrust Division
PO Box 20207
Nashville, TN 37202-0207

15

Kathleen Warner
Office of the Attorney General
Antitrust & Civil Medicaid Fraud Division
PO Box 12548
Austin, TX 78711-2548

Tom Storm, Director
Wisconsin Department of Justice
Division of Legal Services
Medicaid Fraud Control Unit
17 West Main Street
Madison, WI 53707

Erica Bailey
Special Assistant Attorney General
Office of the Attorney General
900 East Main Street, 3rd Floor
Richmond, VA 23219