IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | : | CIVIL ACTION |
| BRUCE BOISE, et al. | : | NO. 08-287 |
| | : | |
| v. | : | |
| | : | |
| CEPHALON, INC., et al. | : | |
| | : | |
| O'NEILL, J. | : | November 25, 2014 |

## **MEMORANDUM**

Plaintiffs Bruce Boise, Keith Dufour and Andrew Augustine bring this action against defendants Cephalon, Inc. and John Does #1-100 to recover damages and civil penalties on behalf of the United States as qui tam relators pursuant to the False Claims Act, 31 U.S.C. §§ 3729 et. seq. (FCA) and analogous state laws. This matter comes before me on plaintiffs' motion pursuant to Federal Rule of Civil Procedure 42(a)(2) to consolidate this action with another action against Cephalon brought under the FCA and analogous state laws pending before me, Cestra v. Cephalon, Inc., No. 14-01842 (E.D. Pa.). Presently before me are plaintiffs' motion to consolidate (Dkt. No. 75), plaintiffs' supplemental brief in support of their motion to consolidate (Dkt. No. 99) and Cephalon's response (Dkt. No. 100).[1] For the following reasons I will deny plaintiffs' motion.

### **BACKGROUND**

On March 27, 2014, I ordered that the time for defendants to respond to plaintiffs' second amended complaint was held in abeyance pending plaintiffs' then forthcoming motion to consolidate. See Dkt. No. 74. On April 4, 2014, plaintiffs filed the instant motion to consolidate

---

[1] This opinion renders plaintiffs' request for leave to file a reply moot. See Dkt. Nos. 101, 102.

this action with Cestra v. Cephalon, Inc., No. 14-01842 (E.D. Pa.). See Dkt. No. 75. On April 15, 2014, I deferred consideration of plaintiffs' motion to consolidate pending the resolution of Cephalon's outstanding motions to dismiss claims on jurisdictional grounds in both this action and the Cestra action. See Dkt. No. 85. On October 9, 2014, I dismissed the plaintiffs' Fentora claims arising under the FCA in both this action and the Cestra action. See Dkt. No. 96; Cestra v. Cephalon, Inc., No. 14-01842, Dkt. No. 19. Absent the overlapping Fentora claims, I ordered plaintiffs in this action to file a supplemental brief addressing the remaining grounds, if any, for their motion to consolidate and gave defendants the opportunity to respond. See Dkt. No. 98. On October 24, 2014, plaintiffs filed their supplemental brief in support of their motion to consolidate and on November 5, 2014 Cephalon filed a response. See Dkt. Nos. 99, 100.

## DISCUSSION

Federal Rule of Civil Procedure 42(a)(2) permits consolidation of separate actions that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is at the discretion of the trial court." Fields v. Provident Life and Accident Ins. Co., No. 99-4261, 2001 WL 818353, at *6 (E.D. Pa. July 10, 2001). Further, "[c]onsolidation is only a matter of convenience and economy in administration." In re TMI Litig., 193 F.3d 613, 724 (3d Cir. 1999) amended, 199 F.3d 158 (3d Cir. 2000) (citation omitted). Finally, I may consolidate actions before me where it would "prevent conflicting outcomes in cases involving similar legal and factual issues." Id.

Plaintiffs' original motion to consolidate asserted that the Boise and Cestra actions involved the "same basic operative facts" and relied almost exclusively on a comparison of Fentora claims that overlapped in both actions. See Dkt. No. 75 at 10. Now that those overlapping claims are absent, plaintiffs contend that the presence of similar legal theories and

2

the same defendants is sufficient to sustain their motion to consolidate. See Dkt. No. 99 at 4.

Plaintiffs argue in support of their motion that Judge Stein's order transferring the Cestra action to me found that the Boise and Cestra actions shared significantly similar allegations. See Dkt. No. 99 at 5-6. Judge Stein's order, however, based those conclusions on the existence of overlapping Fentora claims. See Dkt. No. 1 at 9-11. Indeed, Judge Stein found that the other claims involved in the actions were "non-overlapping claims" because the Cestra action alleges the off-label promotion of Treanda, which is not at issue in the Boise action, and only the Boise action involves the medications Nuvigil and Provigil. Thus, there are no longer overlapping claims between the actions that would create common questions of law or fact warranting consolidation.

Plaintiffs also argue that the presence of similar legal theories in each action is a sufficient basis for consolidation of the actions. See Dkt. No. 99 at 4, 6. But "the mere fact that two cases assert similar theories of recovery does not constitute a 'common question of law' so as to warrant consolidation." Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 81 (D.N.J. 1993) (citations omitted). Indeed, "[w]here the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues." Id. (citations omitted) ("Given the disparate factual analyses and sources of proof required by the claims in the [two actions] consolidation is not appropriate."); see also McClenaghan v. Turi, No. 09-5497, 2011 WL 4346339, at *2 (E.D. Pa. Sept. 16, 2011) (same).

Plaintiffs are correct that at a high level of generality both actions allege defendants' unlawful promotion of medications and potentially related violations such as the use of illegal kickbacks and violation of Cephalon's Corporate Integrity Agreement. But the mere existence of

3

similar legal theories is not sufficient to warrant consolidation if those theories rest upon disparate factual allegations giving rise to the claims in each action.

Plaintiffs further contend that efficiencies would result from consolidation due to potentially duplicative pre-trial issues and disputes in each action. See Dkt. No. 99 at 7-8. Yet merely because some witnesses might testify in both cases does not mean that consolidation is warranted. See Richardson v. U.S. Airways Grp., Inc., No. 00-5052, 2001 WL 849701, at *2 (E.D. Pa. July 16, 2001) (Denying motion to consolidate despite the potential deposition of the same 22 witnesses in two separate actions since "commonality of witnesses does not in itself constitute a reason for consolidation.").

Counsel are undoubtedly able to cooperate to guard against duplicative depositions of the few witnesses that might overlap between the actions and to streamline discovery where appropriate without the complete consolidation of all stages, or even the pre-trial stage, of these actions.

**CONCLUSION**

For the reasons stated above, I will deny plaintiffs' motion to consolidate this action with Cestra v. Cephalon, Inc., No. 14-01842 (E.D. Pa.). Now that plaintiffs' motion to consolidate has been resolved, defendants shall respond to the remaining claims in plaintiffs' second amended complaint on or before December 9th, 2014.

An appropriate Order follows.