UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRUCE BOISE, KEITH DUFOUR and ANDREW AUGUSTINE and on behalf of the STATES of CALIFORNIA, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, the *Commonwealth* of MASSACHUSETTS, MICHIGAN, MONTANA, NEVADA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, the Commonwealth of VIRGINIA, WISCONSIN and the DISTRICT OF COLUMBIA,<br><br>　　　　　　Plaintiffs-Relators,<br><br>　　v.<br><br>CEPHALON, INC., a Wholly-Owned, Direct Subsidiary of TEVA PHARMACEUTICAL INDUSTRIES LTD., and JOHN DOES # 1-100, FICTITIOUS NAMES,<br><br>　　　　　　Defendants. | Hon. Thomas N. O'Neill, Jr.<br><br>Civil Action No. 08-287<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS-RELATORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO RECONSIDER THE COURT'S FEBRUARY 2, 2016 ORDER GRANTING CEPHALON'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT. ................................... 1

II. ARGUMENT ................................................................................................ 3

    A. The Appropriate, Just, and Legally-Supported Implication of the Court's Order Denying the Motion to Dismiss Is that the Claims Date Back to January 1, 2007. .................................................................. 4

    B. At Minimum, Relators Claims Should Date Back to September 19, 2007, Six Years Before the Dismissal of the *Doe* Complaint .................... 9

III. CONCLUSION ............................................................................................. 9

# TABLE OF AUTHORITIES

Page

**CASES**

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
954 F.2d 874 (3d Cir. 1992) .................................................................................................. 8

*E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*,
241 F.3d 154 (2d Cir. 2001) .................................................................................................. 8

*Glendon Energy Co. v. Borough of Glendon*,
836 F. Supp. 1109 (E.D. Pa. 1993) ........................................................................................ 3

*In re Avandia Mktg., Sales Practices & Products Liab. Litig.*,
2011 WL 4018259 (E.D. Pa. Sept. 7, 2011) .......................................................................... 3

*Kellogg Brown & Root Servs., Inc. v. U.S. ex rel. Carter*,
135 S.Ct. 1970 (2015) .................................................................................................... passim

*Max's Seafood Café v. Quinteros*,
176 F.3d 669 (3d Cir. 1999) .................................................................................................. 4

*Northstar Fin. Advisors Inc. v. Schwab Investments*,
779 F.3d 1036 (9th Cir. 2015) ..................................................................................... 5, 7, 8, 9

*Rockwell Int'l Corp. v. United States*,
549 U.S. 457 (2007) ............................................................................................................... 4

*Tozer v. Darby PA*,
2014 WL 1378817 (E.D. Pa. Apr. 7, 2014) ........................................................................... 3

*U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*,
501 F.3d 493 (6th Cir. 2007) ................................................................................................. 8

*U.S. ex rel. Gadbois. v. PharMerica Corp.*,
809 F.3d 1 (1st Cit. 2015) ........................................................................................... 2, 5, 7, 8

*U.S. ex rel. Kurnik v. PharMerica Corp.*,
No. 3:11-CV-01464, 2015 WL 1524402 (D.S.C. Apr. 2, 2015) ............................................ 4

*U.S. v. Geri-Care, Inc.*,
1990 WL 39301 (E.D. Pa. Mar. 30, 1990) ............................................................................. 3

*W. Run Student Hous. Assoc., LLC v. Huntington Nat'l Bank*,
712 F.3d 165 (3d Cir. 2013) .................................................................................................. 4

**RULES**

Fed. R. Civ. P. 12(c) ..................................................................................................................... 3

Fed. R. Civ. P. 15 .................................................................................................................. passim

I.      **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiffs-Relators ("Relators") move to reconsider this Court's February 2, 2016 opinion and order ("Order"), granting Cephalon's partial motion for judgment on the pleadings and, therefore, dismissing with prejudice Relators' Provigil claims before February 28, 2008. Mem. Op., Feb. 2, 2016, ECF No. 153; Order, Feb. 2, 2016, ECF No. 154.

In denying Cephalon's motion to dismiss Relators' Complaint in the same Order[1], the Court correctly ruled that *Kellogg Brown & Root Servs., Inc. v. U.S. ex rel. Carter*, 135 S. Ct. 1970 (2015) ("*Carter*")—which finally and handily gave rest to the notion that an abandoned lawsuit could undercut a later-filed lawsuit—in no way supported dismissal of the Complaint here. *See* Order at 6. The Court referenced the Supreme Court's admonition against allowing a "potentially successful suit that might result in a large recovery for the Government" to be undercut for the arbitrary reason that another, abandoned, lawsuit had once existed. *Id.* at 5. The Court also noted that *Carter* "did not mandate a procedural outcome for the second-filed suits whose first-filed counterparts have been dismissed." *Id.* at 6.

However, despite identifying the need to determine the implication of *Carter* on a second-filed complaint, Relators respectfully submit the Court did not do so, in that the Court overlooked the analysis of this key question—i.e., having determined that the Complaint could not be dismissed under *Carter*, what is the period of liability covered by the Complaint? This is an entirely separate question from tolling,[2] was an issue explicitly addressed by Relators in their

---

[1] As the Court observed, Cephalon did not provide any procedural basis for revisiting the Court's earlier *and unopposed* July 30, 2015 Order (ECF No. 137), denying an earlier-pending motion to dismiss that was on hold pending *Carter*. Order at 1. The Court thus correctly treated Cephalon's motion as an untimely and unsupported motion for reconsideration.

[2] Relators disagree with the Court's rulings as to equitable tolling, and to its application of the "same material" elements test in comparing the Doe complaint to Relators' Complaint. However, recognizing the narrow bases for a motion for reconsideration, Relators focus this

*Footnote continued on next page*

briefing and supplemental briefing,[3] and was alluded to by the Court in its Order (as addressed below)—*but not ruled on*.

Notably, in its July 30, 2015 Order, the Court had not suggested that it was dismissing *any* part of the Complaint, including the liability period (which dates back to January 1, 2007—the period following the earlier settlement with the Government, and the period in which, as Relators allege, the company had decided to continue its misconduct, but under dramatically more concealed terms). And in its recent Order, and consistent with this ruling, this Court cited favorably to cases holding that amended complaints were of jurisdictional significance (noting that such approach was "bolstered by the reasoning in *Carter*") *and* referenced the tools in Rule 15 of the Federal Rules of Civil Procedure to cure jurisdictional defects. Order at 6-7, 9.

However, by failing to complete the analysis and consider that (a) the Amended Complaint(s) in this case related back to the earlier complaint (given that *Carter* removed any arguable jurisdictional impediment from *Doe*), and/or (b) at a minimum, the Complaint could be supplemented (or deemed supplemented) under Rule 15(d) to address the undisputed jurisdiction-conferring event (the dismissal of *Doe*), the Court ignored that under its own reasoning the liability period extended back to January 1, 2007 or, at the very least, to September 19, 2007 (six years before the date the *Doe* complaint was dismissed).

---

*Footnote continued from previous page*
motion narrowly on the crucial and untreated issues of the implication of *Carter* on the time period of liability in this case.

[3] Pl.'s Opp'n 1, ECF No. 141 ("Cephalon's arguments for a contrary reading of *Carter* are not found in its text or supported by its reasoning, and/or rely on a misreading of pre-*Carter* case law . . . . Relators are entitled to continue to prosecute their Provigil-related claims for the entire time period at issue in this case: January 1, 2007 through the present."); *id.* 4-9 (analyzing *Carter* and jurisdiction); Pl.'s Resp. Supp. Auth., ECF No. 148 (addressing relation back); and Pl.'s Notice of Supp. Auth., ECF No. 151 (addressing *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1 (1st Cir. 2015) and "the common-sense idea that parties can and do use Rule 15(d) to address relevant subsequent developments in the case (specifically, to supplement to cure jurisdictional defects)").

Put another way, the Court's ruling denying the motion to dismiss should have mooted the separate argument on the statute of limitations under Rule 12(c).  Relators thus move to reconsider on this narrow, but extremely important ground.  Alternatively, even if the Court is not prepared to reverse its ruling, Relators should be afforded the opportunity to move to supplement the Complaint.

II.   **ARGUMENT**

Pursuant to Local Rule 7.1(g), Relators file this timely motion for reconsideration that addresses "legal matters that the Court may have overlooked" in connection with the implication of the Court's ruling as to *Carter* and (correct and repeated) denial of the motion to dismiss. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); *see also U.S. v. Geri-Care, Inc.*, 1990 WL 39301, at *5 (E.D. Pa. Mar. 30, 1990)  (granting motion to reconsider).

Indeed, allowing the liability period to begin on January 1, 2007 prevents the "manifest injustice" that would occur under the Court's current ruling—i.e., despite *Carter*'s holdings as to the absence of a jurisdictional impediment warranting a shorter claims period, and despite there being *no new information* about the claims period in this case from the prior rulings to warrant a judgment on the pleadings truncating the claims (meaning, Relators' Second Amended Complaint was already on file,[4] and in light of the utter absence of prejudice to Cephalon of

---

[4] By contrast, the cases cited in the Order relating to the use of a Rule 12(c) motion to address statutes of limitations either are inapposite or do not support the Court's ruling.  In *Tozer v. Darby PA*, one defendant had secured an unopposed dismissal of untimely claims on a 12(b)(6) motion, and another defendant (who had preserved the same defense in its answer) filed a follow-up Rule 12(c) motion. 2014 WL 1378817 (E.D. Pa. Apr. 7, 2014).  That is not this case.  Further, in *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, the court *denied* the motions to dismiss and for judgment on the pleadings because the application of the discovery rule to the statute of limitations on the causes of action could not be ascertained from the complaint. 817 F. Supp. 2d 535 (E.D. Pa. 2011).  Here, similarly, the shorter statute of limitations

*Footnote continued on next page*

litigating claims about which it has been on notice for years, the ruling cuts off what Relators have alleged is a crucial year of liability.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 678-79 (3d Cir. 1999) (reversing and remanding district court ruling that resulted in a clear error of law and fact).

> **A.** **The Appropriate, Just, and Legally-Supported Implication of the Court's Order Denying the Motion to Dismiss Is that the Claims Date Back to January 1, 2007.**

The Order unambiguously holds that Relators' Complaint[5] has subject matter jurisdiction, based on the letter and spirit of the Supreme Court's recent ruling in *Carter*.  The Court also endorses the proposition that jurisdiction appropriately can be measured at the time the Second Amended Complaint was filed, even if originally absent, as Relators demonstrated in their opposition to the Motion To Dismiss.[6]  *See U.S. ex rel. Kurnik v. PharMerica Corp.*, No. 3:11-CV-01464, 2015 U.S. Dist. LEXIS 43378 (D.S.C. Apr. 2, 2015)  (cited favorably by the Court).

While the Court did *not* address Relators' argument that the removal of a jurisdictional impediment following the filing of a complaint in this context effectively means that jurisdiction should be deemed to exist *ab initio* (as Relators also argued under *Carter*), the difference is

---

*Footnote continued from previous page*
is in no way clear from the "face of the complaint," and, in fact, its application is not justified at all.  Also, neither of these cases addressed the applicability of Rule 15(d), which may be outcome determinative in light of the First Circuit's decision in *Gadbois*.

[5] For purposes of this motion, the operative complaint is the Third Amended Complaint, but the same argument applies to the Second Amended Complaint.

[6] ECF No. 141 at 8. As a rule, courts look to the amended complaint as the operative complaint to determine jurisdiction.  *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007).  An amended complaint supersedes the original complaint and "renders it of no legal effect, unless the earlier complaint specifically refers to or adopts the earlier pleading." *W. Run Student Hous. Assoc., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)) (additional citation omitted).

somewhat academic because either argument compels a finding that the claims go back to January 1, 2007.[7]

Having decided that Relators' Complaint properly asserts subject matter jurisdiction based on the dictates of *Carter*, the Court nevertheless stopped short of analyzing the role Rule 15 plays in determining the time period of liability. As to that question, the case law is clear that in a number of mutually reinforcing and substantively similar contexts, whether under the express principles of Rule 15(c) or (d)[8] or the principles undergirding them[9], the claims period runs from January 1, 2007. Because the Court overlooked this analysis, reconsideration is warranted.

For example, the Ninth Circuit recently issued a decision offering extensive treatment of the application of Rule 15 to address jurisdiction-related questions (there, standing). *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036 (9th Cir. 2015).[10] The *Northstar* court upheld a district court order denying a motion to dismiss a complaint that lacked standing when

---

[7] ECF No. 141 at 4-7. Of course, if the Court accepts that argument, the relation back analysis is not even necessary.

[8] Rule 15(c) provides in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence, set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). That the conduct alleged arose out of the same set of facts is undisputed in this case. Further, Rule 15(d) provides in relevant part that "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).

[9] *See* Fed. R. Civ. P. 15 advisory committee's note (1963) (explaining that Rule 15(d) "is intended to give the court broad discretion in allowing a supplemental pleading" and acknowledging that "plaintiffs have sometimes been needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief").

[10] *Northstar* was referenced in the *Gadbois* opinion that Relators submitted to this Court, and that this Court cited. As the Court noted, the First Circuit in *Gadbois* vacated the trial court's dismissal of the later-filed complaint and remanded for consideration of whether the Relator could amend under Rule 15(d).

-5-

originally filed, because the defect was ultimately cured after the fact. The Ninth Circuit (noting its approach was consistent with the approach followed by the "principal architect of the Federal Rules of Civil Procedure"[11]) explained the state of the law as follows, and Relators thus quote the ruling at some length to provide context for its helpful analysis:

> Rule 15(d) permits a supplemental pleading to correct a defective complaint and circumvents "the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief." Wright, Miller, & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1505, pgs. 262-63. Moreover, "[e]ven though [Rule 15(d)] is phrased in terms of correcting a deficient statement of 'claim' or a 'defense, a lack of subject-matter jurisdiction should be treated like any other defect for purposes of defining the proper scope of supplemental pleading." *Id.* at § 1507, pg. 273. Indeed, in *Matthews v. Diaz*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), the Supreme Court addressed the issue in a case in which an applicant for Medicare had failed to file his application until after an amended complaint had been filed joining him as an additional complainant in an as-yet uncertified class action. In holding that this jurisdictional defect could be cured by a supplemental pleading, the Supreme Court observed:
>
>> Although 42 U.S.C. § 405(g) establishes filing of an application as a nonwaivable condition of jurisdiction, Espinosa satisfied this condition while the case was pending in the District Court. A supplemental complaint in the District Court would have eliminated this jurisdictional issue; since the record discloses, both by affidavit and stipulation, that the jurisdictional condition was satisfied, it is not too late, even now, to supplement the complaint to allege this fact.
>
> *Id.* at 75, 96 S.Ct. 1883 (internal citations omitted). This holding is consistent with *Rockwell Int'l Corp. v. United States*, in which the Supreme Court subsequently held that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." 549 U.S. 457, 473-74, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007).

---

[11] *Northstar*, 779 F.3d at 1045.

-6-

> We add here a brief discussion of the thoughtful holding of the Court of Appeals for the Federal Circuit that summarizes the case law addressing supplemental pleadings. There, "[a]s an initial matter, the parties dispute[d] whether the allegations in [the plaintiff's] Amended Complaint that concern actions taken after the filing of the initial complaint can be used to establish subject matter jurisdiction." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008). Relying on Rule 15(d) and *Matthews v. Diaz*, the Court of Appeals treated the complaint as a supplemental complaint and held that it was sufficient to cure the original complaint's jurisdictional defect:
>
>> Thus, while "[l]ater events may not create jurisdiction where none existed at the time of filing," the proper focus in determining jurisdiction are "the facts existing at the time the complaint *under consideration* was filed." *GAF Bldg. Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir.1996) (emphasis added) (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem Inc.*, 846 F.2d 731, 734 n.2 (Fed.Cir.1988)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 127 S.Ct. 1397, 1409, 167 L.Ed.2d 190 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."); *Connectu LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008). As the district court accepted Prasco's Amended Complaint, it is the Amended Complaint that is currently under consideration, and it is the facts alleged in this complaint that form the basis for our review. *Id.*

*Northstar*, 779 F.3d at 1044-45.

This authority is consistent with the approaches to Rule 15 taken by other courts and in other contexts. With respect to the False Claims Act, this Court is already familiar with *Gadbois*, in which the First Circuit recently spoke favorably about the practical and fairness benefits of Rule 15(d), and remanded a False Claims Act case involving (as here) the dismissal of a first-to-file case to the trial court in order to determine whether supplementation is

-7-

appropriate to reflect that fact. *Id.*[12]; *see also* ECF No. 151 (notice of supplemental authority discussing *Gadbois*). Likewise, in *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 518 (6th Cir. 2007), the court permitted relation back of an amended False Claims Act complaint to an original complaint under the broad standards of relation back because the defendant was on notice of the allegations. Equally here, relation back should apply to the first time Relators alleged that Defendants engaged in an unlawful scheme to promote Provigil, which is found in the First Amended Complaint that was filed on January 14, 2010. *See* Am. Compl., ECF No. 14.

In fact, "[a]s a general matter, it is *widely accepted* that amendments to cure subject matter jurisdiction relate back." *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163 (2d Cir. 2001) (collecting treatises and cases) (emphasis added). This has been the rule in the Third Circuit for decades, *see Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992), and, as stated in the *Northstar* discussion, is applied in the diversity jurisdiction context as well. Further, as the Third Circuit has determined, "[r]elation back to the date of the original filing applies even when the amendment states a new basis for subject matter jurisdiction." *Berkshire Fashions*, 954 F.2d at 887.

After this Court first ruled in its July 30, 2015 Order (ECF No. 137), *and then ruled again in its most recent Order*, that *Carter* did not warrant dismissal, it was error for this Court to cut off the early claims without consideration of Rule 15. Under these circumstances, it would be a manifest injustice to allow that ruling to stand. Thus, the ruling dismissing the claims between January 1, 2007 and February 28, 2008 should be reversed.

---

[12] After being denied a rehearing, the *Gadbois* defendant recently obtained a stay of the mandate for 90 days to allow it to file a petition for writ of certiorari. Case 14-2164.

-8-

### B. At Minimum, Relators Claims Should Date Back to September 19, 2007, Six Years Before the Dismissal of the *Doe* Complaint.

Relators also respectfully submit that, even if the Court disagrees that going back to January 1, 2007 is warranted, the authority submitted above at the very least supports a finding that jurisdiction should undoubtedly exist as of the date the *Doe* complaint was dismissed. Here, there can be no dispute that any jurisdictional impediment was removed as of September 19, 2013, the date that *Doe* was dismissed. If Relators had filed their complaint on that date for the first time, the claims period would date back six years to September 19, 2007. Of course, Relators had raised their Provigil allegations on January 14, 2010, much earlier than September 19, 2013. Order at 1. That Relators are worse off for having filed the First Amended Complaint in 2010 than they would be if they had filed in 2013 illustrates the sort of impracticality and hyper-technicality that both *Carter* and the principles of Rule 15(d) are intended to avoid.

Consistent with *Carter*, Rule 15(d), and the recent circuit guidance from the First and Ninth Circuits in *Gadbois* and *Northstar* (which addressed how Rule 15(d) is used in situations like this—i.e., where jurisdictional allegations were supplemented via an amended complaint), Relators alternatively move that the Third Amended Complaint should be deemed supplemented to provide jurisdiction to reflect the dismissal of *Doe* on September 19, 2013.

### III. CONCLUSION

For the foregoing reasons, and those set forth in Relators' briefing related to Cephalon's motion to dismiss, Relators respectfully request that the Court reconsider the portion of its Order dismissing claims for the period before February 28, 2008 on the basis that the Court overlooked how its interpretation of *Carter* necessarily interacted with Rule 15 itself, which produced a ruling that would result in a manifest injustice. Alternatively, Relators request the Court deem

Relators' Third Amended Complaint to be supplemented to provide jurisdiction under Rule 15(d) as of September 19, 2013.

Dated:  February 16, 2016                  */s/ Rachel Geman*
                                                          Rachel Geman (*pro hac vice*)
                                                          Steven E. Fineman (*pro hac vice*)
                                                          Wendy R. Fleishman (Pa. Bar No. 25855)
                                                          Kelly K. McNabb (*pro hac vice*)
                                                          LIEFF CABRASER HEIMANN &
                                                             BERNSTEIN, LLP
                                                          250 Hudson Street, 8th Floor
                                                          New York, NY 10013
                                                          Telephone: (212) 355-9500
                                                          Facsimile: (212) 355-9592

                                                          Nimish R. Desai (*pro hac vice forthcoming*)
                                                          LIEFF CABRASER HEIMANN &
                                                            BERNSTEIN, LLP
                                                          275 Battery Street, 29th Floor
                                                          San Francisco, CA 94111-3339
                                                          Telephone: (415) 956-1000
                                                          Facsimile: (415) 956-1008

                                                          W. Scott Simmer (*pro hac vice*)
                                                          Andrew M. Miller (*pro hac vice*)
                                                          SIMMER LAW GROUP PLLC
                                                          600 New Hampshire Avenue, NW
                                                          Suite 10-A
                                                          Washington, DC  20037
                                                          Telephone: (202) 333-4562
                                                          Facsimile:  (202) 337-1039

                                                          Alan M. Freeman (PA BN 90377)
                                                          BLANK ROME LLP
                                                          600 New Hampshire Avenue, NW
                                                          Washington, DC 20037
                                                          Telephone: (202) 772-5800
                                                          Facsimile:  (202) 772-5858

                                                          *Attorneys for Plaintiffs-Relators*

1291424.3